UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| SAMUEL SIGOLOFF, | ) |
| | ) |
| Plaintiff, | ) Civil Case No. 1:23-cv-00230 (PTG/LRV) |
| | ) |
| v. | ) |
| | ) |
| LLOYD J. AUSTIN, III, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Plaintiff's Motion to File Amended Complaint (Dkt. No. 44). Plaintiff's Motion requests leave to file a first Amended Complaint to add factual allegations, name an additional defendant (Defense Health Agency), and state an additional cause of action (abuse of process), among other minor changes. (*See* Dkt. No. 44-1.) Defendants oppose Plaintiff's Motion. (*See* Dkt. No. 46.) The Motion has been fully briefed and the parties have not requested oral argument. The undersigned has considered all of the facts and legal contentions presented in the parties' papers and the record in this matter and finds that oral argument would not aid in the decisional process. For the following reasons, Plaintiff's Motion to File an Amended Complaint is **GRANTED**.

### BACKGROUND

Plaintiff Samuel Sigoloff, a medical provider in the United States Army, filed his initial Complaint in the U.S. District Court for the Northern District of Texas on October 14, 2022. (Dkt. No. 1.) Plaintiff brings claims under the Military Whistleblower Protection Act, 42 U.S.C. § 1034, his Fifth Amendment Right to Due Process, and the Administrative Procedure Act alleging that he suffered adverse employment actions and retaliatory treatment as the result of his views and opinions

1

regarding the safety of the COVID-19 vaccine. (*See generally id.*) The Complaint names as Defendants the Department of Defense, the Secretary of Defense, and several other Department of Defense employees in their official capacities. (*Id.* ¶¶ 23-26.)

On January 9, 2023, Defendants filed a Motion to Dismiss the Complaint with Prejudice or, In the Alternative, to Transfer Venue ("Motion to Dismiss or Transfer"). (Dkt. No. 20.) On January 10, 2023, United States District Judge Mark Pittman of the Northern District of Texas directed Plaintiff to respond only to the improper venue portion of Defendants' Motion to Dismiss or Transfer. (Dkt. No. 22.) In an Order dated February 21, 2023, Judge Pittman transferred the litigation to this District and denied without prejudice Defendants' Motion to Dismiss. (Dkt. No. 27.) On March 8, 2023, Defendants filed in this District a Motion to Dismiss the Complaint with Prejudice for failure to state a claim and lack of jurisdiction. (Dkt. No. 34.) Plaintiff filed his Opposition on March 24, 2023 and, five days later, filed the instant Motion to File an Amended Complaint. (Dkt. Nos. 43-44.)

## DISCUSSION

Plaintiff asserts that, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), he is entitled to amend the Complaint once as a matter of course within twenty-one days after Defendants filed their Motion to Dismiss the Complaint with Prejudice on March 8, 2023. (*See* Dkt. No. 43 at 1.) Defendants oppose Plaintiff's Motion, asserting that (1) the deadline for Plaintiff to file an amended complaint as a matter of course was January 30, 2023—twenty-one days after Defendants filed their *first* motion to dismiss in the Northern District of Texas before the case was transferred to this Court, and (2) Plaintiff's proposed amendments are futile. (*See* Dkt. Nos. 45 at n.2, 46.) In his Reply, Plaintiff contends that the proposed amendments are not futile for many of the same reasons that Defendants' Motion to Dismiss should be denied. (*See* Dkt. No. 47 at 1.)

2

Rule 15(a)(1)(B) provides that a party may amend a complaint "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(1)(B) is not cumulative—i.e., the "time period for amending the complaint as a matter of course under 15(a)(1) began when Defendants filed their *first* motion to dismiss." *U.S. ex rel. Carter v. Halliburton Co.*, 144 F. Supp. 3d 869, 879 (E.D. Va. 2015). Here, the deadline for Plaintiff to file an amended complaint under Rule 15(a)(1)(B) was January 30, 2023, twenty-one days after Defendants filed the Motion to Dismiss or Transfer in the Northern District of Texas; therefore, Plaintiff is not entitled to file an amended complaint as a matter of course at this time.

The Court, however, may grant Plaintiff leave to amend the Complaint pursuant to Rule 15(a)(2), which provides that the Court "should freely give leave when justice so requires." Under that liberal standard, "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986). A proposed amendment is futile if it is "clearly insufficient or frivolous on its face," *id.*, or "if the claim it presents would not survive a motion to dismiss." *Save Our Sound OBX, Inc. v. N. Carolina Dep't of Transportation*, 914 F.3d 213, 228 (4th Cir. 2019).

Here, there is no evidence of bad faith by Plaintiff or that the proposed amendments would cause prejudice to Defendants. This case was originally filed in October 2022; for efficiency, Plaintiff could (and perhaps should) have filed the Amended Complaint sooner than three weeks after Defendants filed their motion to dismiss in this Court. The Court, however, notes the unique procedural posture of this case in which the District Court for the Northern District of Texas *sua sponte* ordered Plaintiff—in response to Defendants' first motion to dismiss—to file expedited briefing solely on the issue of whether the case should be transferred, before it subsequently

transferred the case to this Court. (Dkt. Nos. 22, 27.) Additionally, as no court has yet ruled on the merits of Defendants' substantive dismissal arguments, the Court is unable, at this juncture, to conclude that Plaintiff's proposed amendments are clearly futile. *See Save Our Sound OBX*, 914 F.3d at 228; *Johnson*, 785 F.2d at 510.

## ORDER

In consideration of Rule 15's liberal standard and upon review of Plaintiff's Motion, Defendants' Opposition, Plaintiff's Reply, the proposed Amended Complaint, and the entire record in this matter, it is hereby

**ORDERED** that Plaintiff's Motion to File an Amended Complaint (Dkt. No. 44) is **GRANTED**; it is further

**ORDERED** that Plaintiff shall immediately file the proposed Amended Complaint (Dkt. No. 44-1) and any attachments thereto as a separate docket entry; it is further

**ORDERED** that Plaintiff shall serve the Amended Complaint on Defendant Defense Health Agency within 30 days of this Order and promptly file the executed summons on the docket; it is further

**ORDERED** that, within seven (7) days after the Amended Complaint has been served on Defendant Defense Health Agency, the parties must submit, for the Court's consideration, a joint briefing schedule that complies with Local Civil Rule 7 for any further motions to dismiss the Amended Complaint by Defendants.

ENTERED this 20th day of April, 2023.

/s/ LRV
Lindsey Robinson Vaala
United States Magistrate Judge

_____
Lindsey Robinson Vaala
United States Magistrate Judge

Alexandria, Virginia

4